**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| Paul King, §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>TAC Acceptance Group, LLC, and §<br>Richard Mohme dba RME Recovery, §<br>§<br>Defendants. §<br>§ | CIVIL ACTION NO. 1:23-CV-00063<br><br>**COMPLAINT**<br>Jury Trial Demanded |

## NATURE OF ACTION

1. Plaintiff Paul King brings this action against Defendants TAC Acceptance Group, LLC ("TAC") and Richard Mohme dba RME Recovery ("RME") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*, and Texas common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

6. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

7. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

8. After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

9. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds

that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

10. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## BATTERY

11. Under Texas law, the elements of battery are: (1) a harmful or offensive contact; (2) with a plaintiff's person. *Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 616 (E.D. Tex. 1998) (citing *Price v.* Short, 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, n.w.h.); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex. 1967).

## CONVERSION

12. Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another which is to the exclusion of, or inconsistent with, the owner's rights. *Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex. App. 1993); *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 446 (Tex. 1971); *Beam v. Voss,* 568 S.W.2d 413, 420–21 (Tex. Civ. App.—San Antonio 1978, no writ).

13. The elements of a conversion claim are (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of,

or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Stroud Prod., L.L.C. v. Hosford*, 405 S.W.3d 794, 811 (Tex. App. 2013); *Khorshid, Inc. v. Christian,* 257 S.W.3d 748, 759 (Tex. App.-Dallas 2008, no pet.).

14. Demand and refusal are not necessary, however, when the possessor's acts manifest a clear repudiation of the plaintiff's rights. *Loomis v. Sharp,* 519 S.W.2d 955, 958 (Tex. Civ. App.—Texarkana 1975, *writ dism'd*).

## PARTIES

15. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Travis, and City of Pflugerville.

16. Plaintiff is allegedly obligated to pay a debt.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. TAC is a Texas limited liability company that regularly purchases consumer paper in the form of automobile loans.

19. RME is a sole proprietorship operated by Richard Mohme, an individual residing in Robinson, Texas.

20. RME has been issued Texas Towing Company License No. 006581882C.

21. At all relevant times, RME was acting as a repossession agent working at the behest of TAC.

22. At all relevant times, RME was a person using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

23. RME is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

24. In April of 2022, Plaintiff purchased a 2016 Nissan Rogue (the "Vehicle") from non-party Texas Auto Center, LLC.

25. Plaintiff purchased the Vehicle for his own personal family and household use.

26. The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

27. Plaintiff financed the purchase of the Vehicle.

28. In connection with the transaction, Plaintiff executed a loan agreement ("the Contract"), which was subsequently assigned to TAC.

29. As part of the Contract, the seller and its assignees obtained a security interest in the Vehicle.

30. The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

31. TAC is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

32. Sometime later, TAC engaged its repossession agent RME to repossess the Vehicle.

33. On or about September 15, 2022, Plaintiff was a local Dairy Queen applying for a job.

34. Suddenly, RME's staff burst in and demanded to speak to Paul King.

35. Plaintiff identified himself and went outside with RME's staff.

36. Plaintiff learned that RME was attempting to repossess his Vehicle.

37. RME demanded his key.

38. Plaintiff immediately protested the repossession.

39. Nonetheless, RME continued with its repossession.

40. Plaintiff advised he was calling the police and attempted to enter the front seat of the Vehicle to retrieve his driver's license, a paycheck, and other personal property.

41. RME's staff responded by starting a physical altercation.

42. They threw him to the ground, and one of RME's staff stepped on Plaintiff's thumb and injured it.

43. RME's staff then entered the front seat of the Vehicle.

44. Plaintiff got in the backseat of the Vehicle and again attempted to retrieve his property.

45. RME's staff responded by continuing their assault.

46. One of RME's staff grabbed his arm, pulled him close, and held a screwdriver to his throat.

47. RME's staff threatened to stab him to death.

48. During the altercation, RME's staff elbowed Plaintiff in the mouth and knocked out one of his teeth.

49. During the altercation, Plaintiff also suffered a cut across his head.

50. Nonetheless, RME's staff continued with their repossession.

51. Thereafter, the police arrived on the scene and RME enlisted the assistance of law enforcement to accomplish the repossession.

52. When the Vehicle was taken, it contained certain of Plaintiff's personal property, which Defendants did not return to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## RME

53. Plaintiff repeats and re-alleges each factual allegation contained above.

54. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

55. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

56. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

57. Plaintiff loudly and unequivocally protested the repossession.

58. Once Plaintiff protested the repossession, RME lost the right to continue with the repossession.

59. Nonetheless, RME continued with its repossession and thereby breached the peace.

60. A repossession agent's use of force is a breach of the peace.

61. By physically assaulting Plaintiff during the repossession, RME breached the peace.

62. A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020.

63. By continuing with the repossession after it lost the right to do so, RME violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that RME violated 15 U.S.C. § 1692f(6)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
### TAC

64. Plaintiff repeats and re-alleges each factual allegation contained above.

65. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

8

66. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

67. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

68. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See* Official Comment 3 to TEX. BUS. & COM. CODE § 9.609 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral."); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

69. TAC's repossession agent, RME, breached the peace by continuing the repossession in the face of Plaintiff's loud and unequivocal protest.

70. TAC's repossession agent, RME, breached the peace by using physical force during the repossession.

71. TAC violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agent, RME, breached the peace to repossess Plaintiff's Vehicle.

72. In violating Plaintiff's rights under TEX. BUS. & COM. CODE § 9.609(b)(2), TAC's repossession agents acted with malice and/or gross neglect.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that TAC violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b) Awarding Plaintiff statutory damages, pursuant to Tex. Bus. & Com. Code § 9.625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code § 9.625(c)(1);

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## BATTERY
## TAC AND RME

73. Plaintiff repeats and re-alleges each factual allegation contained above.

74. RME committed a battery when it threw Plaintiff to the ground, beat him, stepped on his thumb, and held a screwdriver to his throat.

75. RME's actions evidence that its actions in this matter were outrageous and guided by an evil mind.

76. TAC, as the secured party that hired RME, is liable for RME's battery.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RME committed a battery on the person of Plaintiff;

b) Adjudging that TAC, as the secured party that hired RME, is liable for its battery;

c) Awarding Plaintiff his actual damages in an amount to be proved at trial;

d) Awarding Plaintiff exemplary damages in an amount to be proved at trial;

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## COMMON LAW CONVERSION
## ALL DEFENDANTS

77. Plaintiff repeats and re-allege each factual allegation contained above.

78. Because RME breached the peace, Defendants had no legal right to take possession of Plaintiff's Vehicle or its contents.

79. Nonetheless, Defendants took possession of the Vehicle without legal authority to do so.

80. Moreover, when the Vehicle was taken, it contained Plaintiff's personal effects.

81. TAC's security interest in the Vehicle did not cover Plaintiff's personal effects and it thus had no legal right to take them.

82. Moreover, Plaintiff's personal effects were not returned to him and were instead stolen by Defendants.

83. Defendants' taking of the Vehicle's contents constitutes conversion under Texas law.

84. In converting Plaintiff's property, Defendants acted with malice and/or gross negligence.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendants converted Plaintiff's Vehicle and its contents;

b) Awarding Plaintiff his actual damages in an amount to be proved at trial;

c) Awarding Plaintiff exemplary damages in an amount to be proved at trial;

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper

## TRIAL BY JURY

85. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 20, 2023

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone:    (602) 388-8898
Facsimile:    (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff